**Dated: October 7, 2014**

**The following is ORDERED:**



*Tom R. Cornish*

TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

In re:

MARION JOSEPH DELEPLANK,            Case No. 14-80060-TRC
                                                                               Chapter 13

               Debtor.

## ORDER GRANTING MOTION TO AVOID JUDGMENT LIEN

Before the Court is Debtor's Motion to Avoid Judgment Lien (Docket Entry 21) and Response of ASAP Loans (Docket Entry 24). The parties have submitted a Stipulation of Facts (Docket Entry 36) and request that the Court determine this dispute based upon the written record before it. Having reviewed this record, applicable statutory and case law, the Court finds that Debtor's Motion should be granted.

Debtor seeks to avoid a judgment lien in favor of ASAP Loans in the amount of $27,400, filed in LeFlore County, Oklahoma in 2013. This lien is said to impair exempt property consisting of his homestead in Poteau, Oklahoma. Debtor is a co-owner of this real property with his brother,

Bobby Deleplank.[1] Debtor has not filed a claim of homestead exemption for real estate tax purposes with the LeFlore County Tax Assessor. However, the parties stipulate that Debtor has lived on this real property "as his domicile and residence" since before he filed this bankruptcy. The parties agree that the value of this property is $25,000, and that Debtor's equity interest is $12,500. The property carries a mortgage of $15,500. The assessed value of the property is $13,044.

ASAP Loans argues that Debtor may not avoid its lien because 11 U.S.C. § 522(f) states that a debtor may avoid the fixing of a judicial lien only to the extent that the lien impairs an exemption. Since Debtor has not filed for a homestead exemption, ASAP Loans argues that he may not claim the real estate as exempt and the lien may not be avoided. Subparagraph l of § 522 states that property listed as exempt is exempt unless a party in interest objects. Objections to exemptions must be filed within 30 days after the conclusion of the meeting of creditors or within 30 days of any amendment to schedules. No timely objections to Debtor's claimed exemptions were ever filed. However, assuming ASAP Loans' argument herein is considered as an objection to Debtor's claimed homestead exemption, the Court would overrule the objection.

Oklahoma law is determinative of the exemptions allowed for debtors who file bankruptcy in Oklahoma. "In Oklahoma, the homestead exemption is both a statutorily and constitutionally created right." *Jones, Givens, Gotcher & Bogan, P.C. v. Berger,* 46 P.3d 698,701, 2002 OK 31, ¶6, *citing* Okla. Const. art. 12, § 2 and Okla. Stat. tit. 31, § 1(A)1 & 2. "[T]he following property shall be reserved to every person residing in the state, exempt from attachment or execution …1. The home of such person, provided that such home is the principal residence of such person…." Okla. Stat. tit. 31, § 1(A)1. The homestead exemption in a city or town, such as this one, is unlimited in dollar amount so long as at least 75% of the total square foot area in used as the principal residence.

---

[1] Bobby Deleplank is a debtor is a separate chapter 7 case in this District. Bobby Deleplank does not claim this property as exempt. *See* Case No. 14-80934-TRC.

Oklahoma does not require that a formal claim for homestead exemption be filed with the appropriate taxing authorities before a homestead exemption is effective. Instead, qualification for a homestead exemption rests on two requirements: (1) there must be a clear intent to make certain property a homestead as expressed by overt acts of preparation in the erection of improvements and in preparation of the land for the home, and (2) the property must be occupied without undue postponement after the overt acts of preparation or a good faith attempt at occupancy must be made. *See In re Jones,* 107 B.R. 350, 351–352 (Bankr.E.D.Okla.1989).

Here, the parties have stipulated that Debtor occupies and claims the subject property as his domicile and residence. There is no allegation that Debtor uses any portion for something other than a residence, which could limit the amount of his exemption. Other than the failure to file for a homestead exemption from property tax, ASAP Loans has offered no evidence to demonstrate that Debtor has relinquished, waived or abandoned his homestead right. *See Jones, Givens, Gotcher,* 46 P.3d at 701, 2002 OK 31, at ¶7. Further, exemptions are to be liberally construed. *In re Hughes,* 166 B.R. 957, 958 (Bankr. E.D. Okla. 1994). Therefore, under the Bankruptcy Code, this real property is exempt, and ASAP's challenge to Debtor's Motion on that ground fails.

ASAP Loans' second argument is that Debtor has no equity in this property which is impaired by its judicial lien, therefore the lien may not be avoided. However, this argument is based upon a calculation of impairment that has been rejected by courts in the Tenth Circuit. Whether a debtor has equity in the property is not determinative of whether a debtor has an exemption that may be impaired. Section 522(f)(2)(A) provides the mathematical formula for determining whether a lien impairs a debtor's exemption and may thus be avoided. It states that a lien shall be considered to impair an exemption to the extent that the sum of the lien, all other liens on the property, and the

amount of the exemption debtor could claim if there were no liens on the property exceeds the value of the debtor's interest in the property in the absence of any liens.

The proper calculation in the situation where the homestead is jointly owned is found in *Zeigler Eng'g Sales, Inc. v. Cozad (In re Cozad)*, 208 B.R. 495 (10th Cir. BAP 1997). *See also In re Biesterveld,* 2008 WL 5157700 (Bankr. D. N.M.) *Cozad* held that the full amount of all liens and exemptions are added together, and are then compared with the debtor's interest, which is one-half of the fair market value of the property. Thus, based upon the stipulated values submitted by the parties, the proper calculation under §522(f)(2)(A) is:

| | |
|---|---|
| Mortgage | $ 15,500.00 |
| ASAP Loans Judgment | $ 27,400.00 |
| Debtor's Exemption (per Schedule A) | $ 25,000.00 |
| Total of (2)(A)(i – iii) | $ 67,900.00 |

| | |
|---|---|
| Debtor's interest(1/2 FMV) | $ 12,500.00 |
| Less Total of all liens and exemptions | ($67,900.00) |
| Total Impairment(amount liens/exemptions exceed Debtor's interest) | ($55,400.00) |

Since the amount of the impairment is negative and exceeds the amount of the judgment lien, the entire amount of the lien may be avoided.[2] Even if the Court used other values for the property and Debtor's exemption, ASAP Loans' judgment lien would be avoided. ASAP Loans suggests that the property may be worth only the assessed value of $13,044. Although the Court does not agree that the assessed value is the proper valuation, substituting the assessed value into the formula yields the same result. Debtor's one-half interest would be $6,522, and his total impairment is reduced to

---

[2] Of course, in Oklahoma, where the homestead exemption amount is usually unlimited, this formula will yield a negative number.

($49,422.)[3]  If the Court only allows him to value his homestead exemption at one-half the fair market value of the property, whether that be $12,500 or $6,522, the amount of liens and exemptions would still exceed the value of Debtor's interest in the property, the amount of impairment would exceed the amount of the judgment lien, and the entire lien would be avoided.

IT IS THEREFORE ORDERED that Debtor's Motion to Avoid Judgment Lien of ASAP Loans (Docket Entry 21) is **granted**, and the lien is hereby avoided in its entirety.

###

---

[3] The total of all liens and exemptions would be $55,944: $15,500 (mortgage) plus $27,400 (ASAP Loans) plus $13,044 (Debtor's exemption per assessed value). When that total is subtracted from Debtor's one half interest of $6,522, the total impairment is ($49,422.)